IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARRYL A. HALL, JR., an infant,
by his Next Friend and Mother,
LINDA WARD-HALL,

        Plaintiff,

v.

BACKYARD LEISURE, LLC,
LEISURE TIME PRODUCTS, INC.,
BACKYARD LEISURE HOLDINGS, INC.,
and
LOWE'S HOME CENTERS, INC.,
        Defendants.

Civil Action No. 3:13CV211

**ORDER**

This matter is before the Court for a review of the jurisdictional allegations in the Notice of Removal. (Docket No. 1.) The Court has also reviewed the Complaint and Answer filed in the Circuit Court for the City of Richmond.[1] (Docket Nos. 1-1 & 1-2.)

The Defendants seek to invoke the jurisdiction of the Court based on 28 U.S.C. § 1332(a), as alleged in paragraph 9 of the Notice of Removal: "This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)." The Notice of Removal alleges, in paragraph 8 of the Notice of Removal: "This action involves a controversy wholly between citizens of different states. There is complete diversity of citizenship." The Notice of Removal also

---

[1] The Notice of Removal incorrectly states that the Complaint was filed in the Circuit Court for Carroll County. (Docket No. 1, ¶ 1.)

alleges, in paragraph 4 of the Notice of Removal: "The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00. (Docket No. 1, ¶¶ 4, 8 & 9.)

With regard to the citizenship of the parties, the Notice of Removal sets forth the following allegations:

> 5. By information and belief, the plaintiff is a citizen of the State of Virginia.
> 6. Defendant Lowe's is a North Carolina corporation with its principal place of business in North Carolina. Lowe's is a wholly owned subsidiary of Lowe's Companies, Inc., which is also a North Carolina corporation with its principal place of business in North Carolina.
> 7. Defendant BL [Backyard Leisure, LLC] is a Delaware partnership with its principal place of business in Kansas. Defendants LTP [Leisure Time Products, Inc.] and BLH [Backyard Leisure Holdings, Inc.] are Delaware corporations with their principal place of business in Kansas. BLH is the wholly owned subsidiary of BL. LTP is the wholly owned subsidiary of BLH.

(Docket No. 1, ¶¶ 6, 7, and Intro.)

In the Complaint filed in the circuit court, the Plaintiff alleges in paragraph 1 that "Defendant, Backyard Leisure, LLC . . . is a limited liability company" but does not provide additional information regarding its citizenship.[2] The Plaintiff also alleges, in paragraphs 2 and 3 of the Complaint, that Defendants Leisure Time Products, Inc. and Backyard Leisure Holdings, Inc. are both

---

[2] The Plaintiff's allegations, which include allegations that the Defendants "regularly conduct substantial business affairs and activities in the Commonwealth of Virginia," are intended to satisfy the jurisdictional requirements for the circuit court, not this Court.

"company[ies] incorporated in Delaware." In paragraph 4 of the Complaint, the Plaintiff alleges that Defendant Lowe's Home Centers, Inc. is "a company incorporated in North Carolina." (Docket No. 1-1, ¶¶ 1,2,3 & 4.) In the Answer, the Defendants admit the allegations contained in ¶¶ 1,2,3 & 4 of the Complaint. (Docket No. 1-2, ¶¶ 1,2,3 & 4.)

As noted, in the Notice of Removal, the Defendants allege that Defendant Backyard Leisure, LLC is "a Delaware partnership with its principal place of business in Kansas," but admit in the Answer that it is a "limited liability company." Regardless of whether it is a limited partnership or a limited liability company, the Defendants do not provide specific information with regard to the names of the members or partners of this entity and their citizenship.

"Removal of civil cases to federal court is an infringement on state sovereignty. Consequently, the statutory provisions regulating removal must be strictly applied." Adams v. Aero Services Int'l, Inc., 657 F. Supp. 519, 521 (E.D. Va. 1987)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994)(citation omitted). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." Id.

3

(citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." Id. (citation omitted).

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n, 893 F.2d 968, 969 (8th Cir. 1990) (quoting Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." Id. A district court's "diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members.'" Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (quoting Chapman v. Barney, 129 U.S. 677, 682 (1889)). "The only exception to this rule is a *corporation*'s citizenship, which is (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located." GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) (emphasis added).

While there are numerous similarities between a corporation, a limited liability company, and a limited partnership, Congress has not chosen to apply the citizenship rule for diversity jurisdiction purposes for corporations, set forth in 28 U.S.C. § 1332(c)(1), to limited liability companies and limited partnerships. Nor has the

4

Supreme Court extended the corporation exception to other unincorporated entities. See Carden, 494 U.S. at 196 (holding that the citizenship of a limited partnership depends on the citizenship of all of the partners, both general and limited). The Eighth Circuit examined the issue and held that "an LLC's citizenship is that of its members for diversity jurisdiction purposes." GMAC Commercial Credit LLC, 357 F.3d at 829. The Seventh Circuit, addressing the same issue, concluded that because an LLC resembles a limited partnership and "members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. § 1332(c)(1))," an LLC's citizenship "for purposes of diversity jurisdiction is the citizenship of its members." Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)(citations omitted).

The United States Court of Appeals for the Fourth Circuit considered the issue in 2004 in a case that had been removed from state court. "[I]t is equally well-settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes." Gen. Tech. Applications, Inc. v. Exro LTDA, 388 F.3d 114, 118 (4th Cir. 2004)(citing Roche v. Lincoln Prop. Co., 373 F.3d 610, 615-16 (4th Cir. 2004)(rev'd on other grounds)). Specifically addressing the issue of the citizenship of a limited liability company, the Fourth Circuit stated, "A limited liability company organized under the laws of a state is not a

corporation and cannot be treated as such under section 1332 until Congress says otherwise." Id. at 121 (citing GMAC Commercial Credit LLC, 357 F.3d at 829). The Fourth Circuit concluded, "[A limited liability company] is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." Id.

The Notice of Removal does not set forth with specificity the names and citizenship of the members of Defendant Backyard Leisure, LLC, as required for purposes of diversity jurisdiction. And the allegations with regard to the Defendant LLC - whether it is in fact a limited liability company or a limited partnership - are inconsistent. Therefore, the pleadings are insufficient to establish diversity jurisdiction.

Accordingly, within seven days of the date hereof, the Defendants shall file an Amended Notice of Removal setting forth with specificity the names and citizenship of all the members of the Defendant LLC (or limited partnership) so the Court can determine whether subject matter jurisdiction based on diversity of citizenship exists in this matter. Failure to comply will result in remand to the Circuit Court for the City of Richmond.

It is so ORDERED.

_____/s/_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April __, 2013